# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**DIAMOND MATHIS,**

    Petitioner,

v.     Case No. 4:21cv304-WS/MAF

**UNITED STATES OF AMERICA,**

    Respondent.

_____/

## REPORT AND RECOMMENDATION TO DISMISS § 2241 PETITION

Diamond Mathis, a federal prisoner proceeding pro se, filed petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. On July 27, 2021, Respondent filed a Motion to Dismiss for Lack of Jurisdiction, with exhibits. ECF No. 6. Petitioner Mathis has not filed a reply, although she was given the opportunity to do so. *See* ECF No. 4.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration, the undersigned concludes that this § 2241 petition should be dismissed.

## Background

In the United States District Court for the Middle District of Alabama, Petitioner Diamond Mathis entered a guilty plea, pursuant to a plea agreement, to charges of Hobbs Act Robbery, in violation of section 18 U.S.C. § 1951(a), and brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A), in case number 2:19cr298-02-MHT. ECF Nos. 6-4 (Plea Agreement), 6-5 (Judgment); *see* ECF No. 1 at 2; ECF No. 6 at 1-2. In a written judgment dated February 26, 2020, the court sentenced her to a total term of 132 months in prison, followed by 3 years of supervised release. ECF No. 6-5. Mathis indicates she did not appeal. *See* ECF No. 1 at 2.

Mathis indicates she delivered this § 2241 petition to prison officials for mailing on June 24, 2021, while incarcerated at the Federal Correctional Institution in Tallahassee, Florida, in the Northern District of Florida. ECF No. 1 at 6. She indicates on her petition that she is challenging her conviction and sentence. *Id*. at 2. She also indicates she has not filed a motion pursuant to 28 U.S.C. § 2255. *Id*. Her grounds allege: (1) "Hobbes Act Robbery does not qualify as a crime of violence," *id*. at 3; and thus (2) her conviction of "brandishing a firearm during a crime of violence

. . . should be reversed," *id*. at 4. As relief, she requests the court "[r]everse the 924c conviction and remand her case for resentencing under a non-violent robbery at best." *Id*. at 6.

Respondent has filed a motion to dismiss, with exhibits. ECF No. 6. Respondent points out that Mathis indicated on her petition that she had not filed a § 2255 motion, but she has, in fact, filed a "Motion to Modify or Reverse and Remand for Resentencing," in the Middle District of Alabama and that court has construed the motion as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. *Id*. at 2; *see* ECF Nos. 6-1 (motion), 6-2 (order), 6-3 (order). Respondent argues Mathis raised "none of these grounds presented in his petition on direct appeal and as such they are procedurally barred." ECF No. 6 at 2. Respondent asserts Mathis has not exhausted administrative remedies and, although it is not jurisdictional, it remains a requirement before filing a habeas petition. *Id*. at 2-3. Respondent further argues that a habeas challenge to the validity of a judgment and sentence should be brought pursuant to § 2255 in the district of conviction, not pursuant to § 2241 in the district of confinement. *Id*. at 3. Accordingly, Respondent concludes, the petition should be dismissed for lack of jurisdiction because it is a § 2255 motion mischaracterized as a

§ 2241 petition and incorrectly filed in the district of confinement.  *Id*. at 5.

## Analysis

The Judiciary Act of 1789 granted federal courts the power to issue the writ of habeas corpus.  See <u>United States v. Hayman</u>, 342 U.S. 205 (1952). The habeas remedy is now codified in 28 U.S.C. § 2241, subsection (c)(3) of which provides that the writ of habeas corpus shall not extend to a prisoner unless the prisoner is "in custody in violation of the Constitution or laws or treaties of the United States."  As noted in <u>Hayman</u>, prisoners must bring habeas corpus applications in the district of confinement.  342 U.S. at 213. Because courts with federal prisons in their jurisdictional boundaries became inundated with habeas petitions, and because the materials, witnesses, and other evidence which had a significant bearing on the determination of the legality of a sentence were generally located in the district where sentence was imposed rather than where the prisoner was confined, in 1948 Congress enacted § 2255 of Title 28.  See <u>Hayman</u>, 342 U.S. at 212-14, 218; *see also* <u>Wofford v. Scott</u>, 177 F.3d 1236, 1239 (11th Cir. 1999).

The language of § 2255 suggests, and the Eleventh Circuit has expressly concluded, that this statute channels challenges to the legality of the imposition of a sentence, while leaving § 2241 available to challenge the

continuation or execution of an initially valid confinement. *See* McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc., 851 F.3d 1076, 1081 (11th Cir. 2017); Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351-52 (11th Cir. 2008); United States v. Jordan, 915 F.2d 622, 629 (11th Cir. 1990) (explaining § 2255 is primary method of collateral attack on federally imposed sentence). Thus, § 2241 provides an avenue for challenges to matters such as the administration of sentences or parole, prison disciplinary actions, prison transfers, and certain types of detention. *See* Antonelli, 542 F.3d at 1352 (petition challenging decision of federal Parole Commission is properly brought pursuant to § 2241); Thomas v. Crosby, 371 F.3d 782, 810 (11th Cir. 2004) (petition challenging pre-trial detention is properly brought pursuant to § 2241); Bishop v. Reno, 210 F.3d 1295, 1304 n.14 (11th Cir. 2000) (petition challenging Bureau of Prisons' administration of service credits, including calculation, awarding, and withholding, involves execution rather than imposition of sentence, and thus is matter for habeas corpus).

In this case, as referenced above, Mathis's § 2241 petition raises two grounds alleging (1) "Hobbes Act Robbery does not qualify as a crime of violence," ECF No. 1 at 3; and therefore (2) her conviction of "brandishing a firearm during a crime of violence . . . should be reversed," *id*. at 4. Mathis

Page **6** of **8**

thus challenges the validity of her conviction and sentence.

As Respondent indicates, a collateral attack on the validity of a federal conviction and sentence is properly brought under 28 U.S.C. § 2255 in the district of conviction. *See, e.g.*, Antonelli, 542 F.3d at 1351-52; Sawyer v. Holder, 326 F.3d 1353, 1365 (11th Cir. 2003); Jordan, 915 F.2d at 629. *Accord* McCarthan, 851 F.3d at 1089. The Eleventh Circuit has explained that, "[i]n general, a federal prisoner seeking to challenge the legality of his conviction or sentence has two bites at the apple: one on direct appeal, and one via a § 2255 motion." Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1339 (11th Cir. 2013). The Eleventh Circuit has also explained:

> Since 1948, Congress has required that a federal prisoner file a motion to vacate, 28 U.S.C. § 2255, instead of a petition for a writ of habeas corpus, *id*. § 2241, to collaterally attack the legality of his sentence. *See* Pub. L. No. 80-773, 62 Stat. 869, 967–68. A motion to vacate allows a prisoner to contest his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Section 2255(e) makes clear that a motion to vacate is the exclusive mechanism for a federal prisoner to seek collateral relief unless he can satisfy the "saving clause" at the end of that subsection:
>
> > An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be

> entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention*.

McCarthan, 851 F.3d at 1081. Thus, § 2255(e) bars a § 2241 petition seeking relief under the "saving clause" if the prisoner has not filed a § 2255 motion in the sentencing court or the sentencing court has denied relief, unless such § 2255 motion is inadequate or ineffective to test the legality of the detention. 28 U.S.C. § 2255(e); *see, e.g.*, McCarthan, 851 F.3d at 1081.

In this case, it does not appear that Mathis pursued a direct appeal. As Respondent indicates, Mathis currently has a pending § 2255 motion in the sentencing court, the Middle District of Alabama. *See* Mathis v. United States of America, No. 2:21cv445-MHT/SRW, ECF No. 1 (motion) (M.D. Ala. June 30, 2021). The Government filed a response in that case on October 5, 2021. *See id*. ECF No. 8.

In any event, as explained above, this Court is not the proper court for a § 2255 motion filed by Mathis as it is not the sentencing court. Nothing indicates a § 2255 motion is inadequate or ineffective to test the legality of her detention such that she could proceed under § 2241's saving clause.

## Conclusion

For the reasons set forth above, Petitioner Mathis has not shown entitlement to proceed under 28 U.S.C. § 2241. Accordingly, it is **RECOMMENDED** that Respondent's motion to dismiss (ECF No. 6) be **GRANTED** and the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (ECF No. 1) be **DISMISSED for lack of jurisdiction**.

**IN CHAMBERS** at Tallahassee, Florida, on November 9, 2021.

>    S/ Martin A. Fitzpatrick
>    MARTIN A. FITZPATRICK
>    UNITED STATES MAGISTRATE JUDGE

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**